1  ORRY P. KORB, County Counsel (S.B. #114399)
   KARL A. SANDOVAL, Lead Deputy County Counsel (S.B. #170190)
2  GREGORY J. CHARLES, Deputy County Counsel (S.B. #208583)
   OFFICE OF THE COUNTY COUNSEL
3  70 West Hedding Street, East Wing, Ninth Floor
   San Jose, California  95110-1770
4  Telephone: (408) 299-5900
   Facsimile:  (408) 292-7240
5

6  Attorneys for Defendants
   COUNTY OF SANTA CLARA, DOUGLAS
7  ULRICH, and LAURIE SMITH

8

9                    UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                              (San Jose)

11

12  SEAN ALLEN, an individual: SHONDA          No. 14-CV-03829 BLF
    SANTOS, an individual; and JONA
13  TRBOVICH, an individual,                   **DEFENDANTS COUNTY OF SANTA
                                               CLARA, DOUGLAS ULRICH AND
14                Plaintiffs,                  LAURIE SMITH'S ANSWER TO
                                               PLAINTIFFS' COMPLAINT FOR
15  v.                                         DAMAGES**

16  COUNTY OF SANTA CLARA, a public entity;    **[DEMAND FOR JURY TRIAL]**
    DOUGLAS ULRICH in his individual and
17  official capacities; LAURIE SMITH in her
    individual and official capacities; and DOES 1-
18  100, inclusive,

19                Defendants.

20

21        Defendants County of Santa Clara, Douglas Ulrich, and Laurie Smith (collectively referred to

22  as "defendants"), for an answer to plaintiffs' Complaint on file herein, admit, deny, and allege as

23  follows:

24                          **JURISDICTION AND VENUE**

25        1.    Answering the allegations of paragraph 1, defendants admit that this Court has

26  jurisdiction of the subject matter.

27        2.    Answering the allegations of paragraph 2, defendants admit that venue is proper.

28  ///

                                          1

1

## THE PARTIES

2       3.    Answering the allegations of paragraph 3, defendants admit the allegations.

3       4.    Answering the allegations of paragraph 4, defendants admit the allegations.

4       5.    Answering the allegations of paragraph 5, defendants admit the allegations.

5       6.    Answering the allegations of paragraph 6, defendants admit the allegations.

6       7.    Answering the allegations of paragraph 7, defendants admit the allegations.

7       8.    Answering the allegations of paragraph 8, defendants admit that Douglas Ulrich is

8   employed by Santa Clara County ("County") as a sergeant but deny that he still works at the Jail.

9       9.    Answering the allegations of paragraph 9, defendants admit the allegations.

10           **STATEMENT OF FACTS**

11       10.    Answering the allegations of paragraph 10, defendants deny the allegations.

12       11.    Answering the allegations of paragraph 11, defendants admit the allegations.

13       12.    Answering the allegations of paragraph 12, defendants deny a history of

14   marginalizing African-American employees.   Defendants further deny a historic custom and

15   practice of disparate treatment at the Santa Clara County Sheriff's Department's ("Department")

16   with respect to hiring practices, assignments, promotions, and terminations.

17       13.    Answering the allegations of paragraph 13, defendants deny the allegations.

18       14.    Answering the allegations of paragraph 14, defendants admit that the Department will

19   sometimes undertake background checks with respect to a potential hire.  With respect to the

20   remaining allegations of paragraph 14, based on a lack of sufficient information and belief,

21   defendants deny the allegations.

22       15.    Answering the allegations of paragraph 15, defendants deny the allegations.

23       16.    Answering the allegations of paragraph 16, based upon a lack of sufficient

24   information and belief, defendants deny the allegations.

25       17.    Answering the allegations of paragraph 17, defendants cannot specifically respond

26   because the allegations set forth in this paragraph lack specificity as to the events described, who

27   was involved and who made claims against the County.  In further response, defendants lack

28   sufficient information and belief to admit or deny the allegations, and on that basis, deny.

Defendants County of Santa Clara, Douglas Ulrich, and Laurie         14-CV-03829 BLF
Smith's Answer to Plaintiffs' Complaint for Damages

18.     Answering the allegations of paragraph 18, defendants cannot specifically respond to this paragraph because the allegations set forth lacks specificity and detail.  In further response to paragraph 18, defendants lack sufficient information and belief to admit or deny the allegations, and on that basis, deny.

19.     Answering the allegations of paragraph 19, defendants admit that plaintiff Allen is African-American.  Defendants cannot specifically respond to the remaining allegations because the allegations set forth in this paragraph are incomplete as to when the alleged acts occurred and as to what position plaintiff was applying for.  In further response to paragraph 19, defendants lack sufficient information and belief to admit or deny the allegations, and on that basis, deny.

20.     Answering the allegations of paragraph 20, based upon a lack of information and belief, defendants deny the allegations.

21.     Answering the allegations of paragraph 21, defendants deny the allegations.

22.     Answering the allegations of paragraph 22, defendants admit that the position of sergeant is the first level of promotion in the sworn officer ranks.  Defendants deny the remaining allegations in paragraph 22.

23.     Answering the allegations of paragraph 23, defendants deny the allegations.

24.     Answering the allegations of paragraph 24, defendants admit that prior to the year 1990, Sgt. Joel Church and another officer placed a Confederate flag inside an employee's working environment.  Defendants further admit that these employees were promptly instructed to remove the flag from the workplace.  Defendants lack sufficient information and belief to admit or deny the remaining allegations of paragraph 24, and on that basis, deny.

25.     Answering the allegations of paragraph 25, defendants lack sufficient information and belief to admit or deny the allegations, and on that basis, deny.

26.     Answering the allegations of paragraph 26, defendants deny that Ed Perry used the word nigger in the workplace.  As to the remaining allegations of paragraph 26, defendants lack sufficient information and belief to admit or deny the allegations, and on that basis, deny.

///

///

27.     Answering the allegations of paragraph 27, defendants deny that and Perry made racially offensive remarks about African-Americans.  With respect to the remaining allegations of paragraph 27, based upon a lack of information and belief, defendants deny the allegations.

28.     Answering the allegations of paragraph 28, defendants deny the allegations.

29.     Answering the allegations of paragraph 29, defendants admit that Ulrich counseled Santos about leaving her post to visit Russell while on duty and when she was not on an authorized break.  Defendants deny all other allegations in this paragraph.

30.     Answering the allegations of paragraph 30, defendants deny the allegations.

31.     Answering the allegations of paragraph 31, defendants deny the allegations.

32.     Answering the allegations of paragraph 32, defendants lack sufficient information and belief to admit or deny the allegations, and on that basis, deny.

33.     Answering the allegations of paragraph 33, defendants deny the allegations.

34.     Answering the allegations of paragraph 34, defendants deny the allegations.

35.     Answering the allegations of paragraph 35, defendants deny the allegations.

36.     Answering the allegations of paragraph 36, defendants lack sufficient information and belief to admit or deny the allegations, and on that basis, deny.

37.     Answering the allegations of paragraph 37, defendants Ulrich and Smith deny making disparaging remarks to plaintiffs.  With respect to the remaining allegations of this paragraph, defendants lack sufficient information and belief to admit or deny the allegations, and on that basis, deny.

38.     Answering the allegations of paragraph 38, defendants deny the allegations.

39.     Answering the allegations of paragraph 39, defendants deny the allegations.

40.     Answering the allegations of paragraph 40, defendants deny the allegations.

41.     Answering the allegations of paragraph 41, defendants deny the allegations.

42.     Answering the allegations of paragraph 42, defendants deny the allegations.

43.     Answering the allegations of paragraph 43, defendants deny the allegations.

///

///

4

Defendants County of Santa Clara, Douglas Ulrich, and Laurie                                              14-CV-03829 BLF
Smith's Answer to Plaintiffs' Complaint for Damages

44.     Answering the allegations of paragraph 44, defendants admit that plaintiff Allen has been the subject of multiple internal affairs investigations with various findings.  None of these investigations have been "rejected."

45.     Answering the allegations of paragraph 45, defendants admit that a letter of reprimand was issued to plaintiff Allen in response to a complaint in 2011.  Defendants deny that defendant Smith was successful or involved in having the letter of reprimand issued against Allen. With respect to the remaining allegations of paragraph 45, based on a lack of sufficient information and belief, defendants deny.

46.     Answering the allegations of paragraph 46, defendants admit that Allen made a complaint for harassment and that the complaint was investigated.  With respect to the remaining allegations of paragraph 46, defendants lack sufficient information and belief to admit or deny the allegations, and on that basis, deny.

47.     Answering the allegations of paragraph 47, defendant Smith was informed of the results of the investigation but denies that she ignored those results, denies she threw out those results, and denies that she charged Allen with insubordination for filing a complaint against Quadros.

48.     Answering the allegations of paragraph 48, defendants deny that the Department ignored at least one dozen of Allen's complaints regarding various types of discrimination, harassment, and retaliation.  Defendants further deny that the Department has a culture of protecting its own and discouraging African-Americans from filing complaints and lawsuits.  With respect to the remaining allegations of paragraph 48, defendants lack sufficient information and belief to admit or deny the allegations, and on that basis, deny.

49.     Answering the allegations of paragraph 49, defendants deny the allegations.

50.     Answering the allegations of paragraph 50, defendants deny the allegations.

51.     Answering the allegations of paragraph 51, defendants lack sufficient information and belief to admit or deny the allegations, and on that basis, deny.

52.     Answering the allegations of paragraph 52, defendants admit that plaintiff Allen was a training officer.  Defendants further admit that plaintiff Allen was a marksman who competed for

1  the Department multiple times in his career.  With respect to the remaining allegations of paragraph

2  52, defendants deny the allegations.

3      53.    Answering the allegations of paragraph 53, defendants deny the allegation.

4      54.    Answering the allegations of paragraph 54, defendants deny the allegations.

5      55.    Answering the allegations of paragraph 55, the allegations of paragraph 55 are

6  unspecific as to time and the nature of the complaint that had been lodged against Sheriff Smith.

7  Accordingly, based upon a lack of information and belief, defendants deny the allegations.

8      56.    Answering the allegations of paragraph 56, as the allegations of paragraph 55 are

9  uncertain as to both the nature of a complaint and when an alleged complaint had been lodged

10 against Sheriff Smith, defendants based upon a lack of information and belief, deny the allegations

11 with respect to paragraph 56.

12     57.    Answering the allegations of paragraph 57, defendants deny the allegations.

13     58.    Answering the allegations of paragraph 58, defendants admit that the County hired

14 the involved officer with knowledge of his prior conviction.  Defendants further admit that the

15 deputy was involved in a motor vehicle accident following which the involved officer took a

16 voluntary position in a civilian capacity.  With respect to the remaining allegations of paragraph 58,

17 defendants based up a lack of information and belief, deny.

18     59.    Answering the allegations of paragraph 59, defendants admit that the officer named in

19 paragraph 59 was involved in an officer involved shooting, that the officer was not terminated, and

20 that he was subsequently promoted.   Defendants deny that the County paid millions of dollars to

21 settle the lawsuit that followed the alleged wrongful death.  With respect to the remaining allegations

22 of paragraph 59, based upon a lack of information and belief, defendants deny.

23     60.    Answering the allegations of paragraph 60, defendants admit that a correctional

24 officer fraternizing with a convicted felon is subject to discipline up to and including termination

25 depending on the circumstances.  As to the remaining allegations of this paragraph, defendants lack

26 sufficient information and belief to admit or deny the allegations, and on that basis, deny.

27     61.    Answering the allegations of paragraph 61, defendants lack sufficient information and

28 belief to admit or deny the allegations, and on that basis, deny.

62.     Answering the allegations of paragraph 62, defendants deny that the cadet was severely beaten up, deny that the cadet could not continue in the Academy, deny that the cadet has been terminated, and deny that the correctional officer was recently promoted.

63.     Answering the allegations of paragraph 63, defendants deny the allegations.

64.     Answering the allegations of paragraph 64, defendants have no information regarding the race of the father of Trbovich's child.  With respect to the remaining allegations of this paragraph, defendants deny the allegations.

65.     Answering the allegations of paragraph 65, defendants deny the allegations.

66.     Answering the allegations of paragraph 66, defendants deny creating an unsafe work environment for plaintiffs Trbovich and Santos.   Defendants deny that Ulrich intentionally portrayed Trbovich and Santos in the worst possible light.  Defendants admit that in March of 2014 an arbitration decision was issued regarding plaintiff Trbovich's termination.

67.     Answering the allegations of paragraph 67, defendants deny the allegations.

68.     Answering the allegations of paragraph 68, defendants deny the allegations.

69.     Answering the allegations of paragraph 69, defendants admit that the Department investigated Trbovich concerning immoral conduct, conduct unbecoming of an officer, conduct that embarrassed both the County and Department, conduct that reflected poor standards and a lack of integrity, and other County rules.  Plaintiffs Trbovich and Santos made allegations against Ulrich that were investigated.  Defendants admit that Ulrich was not disciplined.  Defendants deny the remaining allegations of paragraph 69.

70.     Answering the allegations of paragraph 70, defendants admit that Trbovich was terminated.  Defendants deny all remaining allegations in this paragraph.

71.     Answering the allegations of paragraph 71, defendants admit that an allegation of sexual misconduct was made against then Assistant Sheriff Smith.  An investigation by Santa Clara County cleared her of the allegations.

///

///

///

1

**FIRST CAUSE OF ACTION**

2

(Violation of the Civil Rights Act of 1964, 42 U.S.C. §§2000 et seq.)

3

(Racial Harassment, Discrimination, Retaliation, and Wrongful Termination)

4

     72.     Answering the allegations of paragraph 72, defendants reallege and incorporate by

5

reference each and all of its responses to each and all of the preceding paragraphs of this answer as

6

though fully set forth herein.  With respect to the remaining allegations of this paragraph, defendants

7

deny.

8

     73.     Answering the allegations of paragraph 73, defendants deny the allegations.

9

     74.     Answering the allegations of paragraph 74, defendants deny the allegations.

10

     75.     Answering the allegations of paragraph 75, defendants deny the allegations.

11

     76.     Answering the allegations of paragraph 76, defendants admit that plaintiffs filed

12

complaints at various times with the EEOC.  Defendants, lack sufficient information and belief to

13

admit or deny, and on that basis deny, that plaintiff's complaints with the DFEH and EEOC were

14

timely filed.  Defendants lack sufficient information and belief to admit or deny, and on that basis,

15

deny, that plaintiffs exhausted their internal and administrative remedies.  Defendants admit that in

16

March 2014 an arbitrator issued a decision regarding plaintiff Trbovich's termination.   Defendants

17

admit that plaintiff Trbovich received a right to sue letter in September 2013 from the DFEH.

18

Defendants lack sufficient information and belief to admit or deny, and on that basis, deny that

19

plaintiffs Allen and Santos received right to sue notices from the EEOC in July and August 2014.

20

**SECOND CAUSE OF ACTION**

21

(Violation of the California Fair Employment & Housing Act (FEHA))

22

(Racial Harassment, Discrimination, Retaliation, and Wrongful Termination)

23

     77.     Answering the allegations of paragraph 77, defendants reallege and incorporate by

24

reference each and all of its responses to each and all of the preceding paragraphs of this answer as

25

though fully set forth herein.  With respect to the remaining allegations of this paragraph, defendants

26

deny the allegations.

27

     78.     Answering the allegations of paragraph 78, defendants deny the allegations.

28

     79.     Answering the allegations of paragraph 79, defendants deny the allegations.

80.     Answering the allegations of paragraph 80, defendants deny the allegations.

81.     Answering the allegations of paragraph 81, defendants admit that plaintiffs filed complaints at various times with the EEOC.  Defendants, lack sufficient information and belief to admit or deny, and on that basis deny, that plaintiff's complaints with the DFEH and EEOC were timely filed.  Defendants lack sufficient information and belief to admit or deny, and on that basis, deny, that plaintiffs exhausted their internal and administrative remedies.  Defendants admit that in March 2014 an arbitrator issued a decision regarding plaintiff Trbovich's termination.   Defendants admit that plaintiff Trbovich received a right to sue letter in September 2013 from the DFEH. Defendants lack sufficient information and belief to admit or deny, and on that basis, deny that plaintiffs Allen and Santos received right to sue notices from the EEOC in July and August 2014.

## THIRD CAUSE OF ACTION

(Violation of 19 U.S.C §1983)

(Racial Harassment, Discrimination, Retaliation, and Wrongful Termination)

82.     Answering the allegations of paragraph 82, defendants  reallege and incorporate by reference each and all of its responses to each and all of the preceding paragraphs of this answer as though fully set forth herein.  Defendants admit to acting under color of state law but deny violating plaintiffs rights, privileges and immunities afforded them under the United States Constitution.

83.     Answering the allegations of paragraph 83, defendants deny the allegations.

84.     Answering the allegations of paragraph 84, defendants deny the allegations.

85.     Answering the allegations of paragraph 85, defendants deny the allegations.

86.     Answering the allegations of paragraph 86, defendants deny the allegations.

87.     Answering the allegations of paragraph 87, defendants deny the allegations.

## FOURTH CAUSE OF ACTION

(Violation of California Constitution Article I, Section 31)

88.     Answering the allegations of paragraph 88, defendants reallege and incorporate by reference each and all of its responses to each and all of the preceding paragraphs of this answer as though fully set forth herein.  With respect to the remaining allegations of this paragraph, defendants

///

1  deny harassing and discriminating against plaintiffs in public employment giving rise to a claim for

2  relief under California Constitution, Article 1, Section 31.

3      89.    Answering the allegations of paragraph 89, defendants admit that plaintiffs filed

4  government tort claims with Santa Clara County.  Defendants deny that Trbovich exhausted her

5  administrative remedies.  Defendants deny unreasonably denying plaintiffs' claims.

6                          **FIFTH CAUSE OF ACTION**

7                        (Violation of 42 U.S.C §1981)

8          (Racial Harassment, Discrimination, Retaliation, and Wrongful Termination)

9      90.    Answering the allegations of paragraph 90, defendants reallege and incorporate by

10  reference each and all of its responses to each and all of the preceding paragraphs of this answer as

11  though fully set forth herein.  Defendants admit to acting under color of state law but deny violating

12  plaintiff's rights, privileges and immunities afforded them under the United States Constitution.

13      91.    Answering the allegations of paragraph 91, defendants deny the allegations.

14      92.    Answering the allegations of paragraph 92, defendants deny the allegations.

15      93.    Answering the allegations of paragraph 93, defendants deny the allegations.

16      94.    Answering the allegations of paragraph 94, defendants deny the allegations.

17      95.    Answering the allegations of paragraph 95, defendants deny the allegations.

18                          **SIXTH CAUSE OF ACTION**

19                    (Intentional Infliction of Emotional Distress)

20      96.    Answering the allegations of paragraph 96, defendants reallege and incorporate by

21  reference each and all of its responses to each and all of the preceding paragraphs of this answer as

22  though fully set forth herein.  Defendants deny the remaining allegations of this paragraph.

23      97.    Answering the allegations of paragraph 97, defendants deny the allegations.

24      98.    Answering the allegations of paragraph 98, defendants deny the allegations.

25  ///

26  ///

27  ///

28  ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SEVENTH CAUSE OF ACTION**

FAILURE/NEGLIGENT TRAINING AND SUPERVISION

(Violation of 42 U.S.C. §1983 and Public Policy)

99.     Answering the allegations of paragraph 99, defendants reallege and incorporate by reference each and all of its responses to each and all of the preceding paragraphs of this answer as though fully set forth herein.  With respect to the remaining allegations of paragraph 99, Defendants deny the allegations.

**EIGHTH CAUSE OF ACTION**

(Retaliation in Violation of the First Amendment)

100.     Answering the allegations of paragraph 100, defendants reallege and incorporate by reference each and all of its responses to each and all of the preceding paragraphs of this answer as though fully set forth herein.  With respect to the remaining allegations of paragraph 100, defendants lack specific information and belief to admit or deny the allegations, and on that basis, deny.

101.     Answering the allegations of paragraph 101, defendants deny the allegations.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

As a separate affirmative defense to the Complaint and each cause of action therein, these answering defendants allege that neither the Complaint nor any purported cause of action states facts sufficient to constitute a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Failure to Comply with Government Code)

As a separate affirmative defense to the Complaint and each cause of action therein, these answering defendants allege that plaintiffs failed to comply with Government Code sections 905 to 945.4.

///

///

///

Defendants County of Santa Clara, Douglas Ulrich, and Laurie                    14-CV-03829 BLF
Smith's Answer to Plaintiffs' Complaint for Damages

1    **THIRD AFFIRMATIVE DEFENSE**

2    (Failure to Exhaust Administrative Remedies; Administrative Charge)

3    As a separate affirmative defense to the Complaint and each cause of action therein, these

4    answering defendants allege that plaintiffs failed to exhaust administrative remedies.  As one

5    example, these answering defendants allege that plaintiffs failed to file a timely administrative

6    charge with the California Department of Fair Employment and Housing pursuant to California

7    Government Code sections 12960 et seq.

8    **FOURTH AFFIRMATIVE DEFENSE**

9    (Allegations Not Reflected In the Claim)

10   As a separate affirmative defense to the Complaint and each cause of action therein, these

11   answering defendants allege that the Complaint and each cause of action alleges a factual basis for

12   recovery that is not fairly reflected in a written government/tort claim and/or written complaint to the

13   DFEH or EEOC.

14   **FIFTH AFFIRMATIVE DEFENSE**

15   (Lack of Jurisdiction)

16   As a separate affirmative defense to the Complaint and each cause of action therein, these

17   answering defendants allege that this Court has no jurisdiction over the causes of action alleged in

18   plaintiffs' Complaint against these answering defendants.

19   **SIXTH AFFIRMATIVE DEFENSE**

20   (Statute Of Limitations)

21   As a separate affirmative defense to the Complaint and each cause of action therein, these

22   answering defendants allege that each cause of action is barred by the applicable statutes of

23   limitation, including but not limited to California Government Code sections 12960 and 12965, and

24   Code of Civil Procedure sections 335.1, 338, 339, 340 and 343.

25   **SEVENTH AFFIRMATIVE DEFENSE**

26   (Workers' Compensation Exclusivity)

27   As a separate affirmative defense to the Complaint and each cause of action therein, these

28   answering defendants allege that the California Workers' Compensation Act provides the exclusive

12

1  remedy for plaintiffs' claims (see California Labor Code sections 3600 et seq., and related legal

2  provisions).

**EIGHTH AFFIRMATIVE DEFENSE**

(Workers' Compensation Set Off; Other Set Offs)

As a separate affirmative defense to the Complaint and each cause of action therein, these

answering defendants allege that defendants are entitled to set off any Workers' Compensation

benefits received or to be received by plaintiffs against any judgment which may be rendered in

plaintiffs' favor and against defendants.  To the extent plaintiffs received other compensation to

which defendants are entitled to a set off, defendants assert those set off rights.

**NINTH AFFIRMATIVE DEFENSE**

(Discretionary Immunity)

As a separate affirmative defense to the Complaint and each cause of action therein, these

answering defendants allege that any acts on the part of these answering defendants or their

employees were discretionary and not ministerial in nature.  As such, these answering defendants are

not liable for the plaintiffs' alleged injuries.

**TENTH AFFIRMATIVE DEFENSE**

(Privileges or Immunities)

As a separate affirmative defense to the Complaint and each cause of action therein, these

answering defendants allege that some or all of plaintiffs' claims are barred by applicable statutory

and common law privileges or immunities, including but not limited to managerial and deliberative

process privileges or immunities, Tort Claims Act immunities, and/or other governmental

immunities and/or privileges.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Policies Prohibiting Discrimination and Retaliation)

As a separate affirmative defense to the Complaint and each cause of action therein, these answering

defendants allege that at all relevant times the County and its agents have established and enforced

policies prohibiting discrimination, harassment and retaliation, and that defendants and

///

13

1  their agents took all reasonable steps to prevent and/or promptly remedy any discrimination,

2  harassment or retaliation, if any such conduct ever occurred.

3                    **TWELVTH AFFIRMATIVE DEFENSE**

4                    (Avoidable Consequences Doctrine)

5         As a separate affirmative defense to the Complaint and each cause of action and/or claim for

6  relief therein, these answering defendants allege that plaintiffs' claims and alleged damages are

7  barred by the avoidable consequences doctrine, and that plaintiffs are not entitled to recover

8  damages plaintiffs could have avoided by reasonable effort or expenditure.

9                    **THIRTIETH AFFIRMATIVE DEFENSE**

10                    (No Adverse Action)

11        As a separate affirmative defense to the Complaint and each cause of action therein, these

12  answering defendants allege that plaintiffs have not suffered any actionable, tangible job action.

13                    **FOURTEENTH AFFIRMATIVE DEFENSE**

14                    (Good Faith)

15        As a separate affirmative defense to the Complaint and each cause of action therein, these

16  answering defendants allege that neither the Complaint nor any of its purported causes of action state

17  a claim upon which relief can be granted because at all times defendants' agents acted within the

18  scope of their discretion, with due care and in good faith fulfillment of their responsibilities pursuant

19  to applicable statutes, rules, regulations and practices within the bounds of reason under all the

20  circumstances known to them, and with a good faith belief that their actions comported with all

21  applicable federal and state laws.

22                    **FIFTEENTH AFFIRMATIVE DEFENSE**

23                    (No Protected Activity)

24        As a separate affirmative defense to the Complaint and each cause of action therein, these

25  answering defendants allege that plaintiffs were not subjected to any adverse employment action

26  related to any protected activity in which plaintiffs engaged.

27  ///

28  ///

14

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2

(Actual Cause)

3      As a separate affirmative defense to the Complaint and each cause of action therein, these

4  answering defendants allege that the acts attributed to these answering defendants did not actually

5  cause the plaintiffs' alleged injuries.  As such, these answering defendants are not liable for those

6  injuries.

7

## SEVENTEENTH AFFIRMATIVE DEFENSE

8

(Proximate Cause)

9      As a separate affirmative defense to the Complaint and each cause of action therein, these

10  answering defendants allege that there is no proximate causation to link plaintiffs' claimed injuries

11  with these answering defendants' actions, if any, as alleged in the Complaint.  As such, these

12  answering defendants are not liable for those injuries.

13

## EIGHTEENTH AFFIRMATIVE DEFENSE

14

(Unclean Hands)

15      As a separate affirmative defense to the Complaint and each cause of action therein, these

16  answering Defendants allege that plaintiffs' claims are barred by the doctrine of unclean hands.

17

## NINETEENTH AFFIRMATIVE DEFENSE

18

(Laches)

19      As a separate affirmative defense to the Complaint and each cause of action therein, these

20  answering defendants allege that plaintiffs' claims are barred by the doctrine of laches.

21

## TWENTIETH AFFIRMATIVE DEFENSE

22

(Estoppel)

23      As a separate affirmative defense to the Complaint and each cause of action, defendants

24  allege that plaintiffs are estopped from asserting each of plaintiffs' alleged claims.

25

## TWENTY-FIRST AFFIRMATIVE DEFENSE

26

(Waiver)

27      As a separate affirmative defense to the Complaint and each cause of action therein, these

28  answering defendants allege that plaintiffs have waived each of plaintiffs' alleged claims.

15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

As a separate affirmative defense to the Complaint and each cause of action therein, these answering defendants allege that plaintiffs have failed to mitigate any or all of the damages alleged in the Complaint, and is thereby precluded from recovering those damages which plaintiffs could have reasonably avoided by exercising due care.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(No Punitive Damages)

As a separate affirmative defense to the Complaint and each cause of action therein, these answering defendants allege that to the extent plaintiffs seek punitive damages, they are not recoverable from a public entity.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(After-Acquired Evidence)

As a separate affirmative defense to the Complaint and each cause of action therein, these answering defendants allege that the doctrine of after-acquired evidence is a complete bar to plaintiffs' claims or, at a minimum, necessitates the reduction of any damages awarded to plaintiffs.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Issue Preclusion, Claim Preclusion)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, these answering defendants allege that this action is barred due to the doctrines of res judicata and/or collateral estoppel.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Privileged/Justified Conduct)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, these answering defendants allege that the conduct at all times material herein was privileged and/or justified under applicable law.

///

///

16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Comparative Fault -- Plaintiff)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, these answering defendants allege that plaintiffs were careless, negligent and at fault in and about the matters complained of, and that such carelessness, negligence and fault, proximately and concurrently caused the alleged damages sustained by plaintiffs.  Under principles of comparative fault, plaintiffs must bear sole, or partial, responsibility for their alleged injuries, damages or other alleged loss, if any there be, using a percentage allocation of plaintiffs' fault or negligence.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Privilege/Immunity)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, these answering defendants allege that they were privileged pursuant to Civil Code Sections 47(a) and 47(b)(2) and are immune from litigation.

## TWENTY-NINETH AFFIRMATIVE DEFENSE

### (Failure to Exhaust)

These answering defendants allege that plaintiffs' failure to take appropriate advantage of their employer's policies and procedures designed and implemented by that employer to assist them in resolving situations such as they allege in their Complaint acts as a bar to the Complaint and each cause of action alleged therein and/or limits plaintiffs' entitlement, if any, to be awarded damages from these defendants.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Failure to Exhaust)

These answering defendants allege that plaintiffs have failed to exhaust the administrative remedies required under the Fair Employment and Housing Act, and has failed to obtain a notice of the right to bring a civil action from the Department of Fair Employment and Housing, as to some or all of their claims.

///

17

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Truth)

These answering defendants allege that any and all actions and statements allegedly made by defendants are not actionable in that any such statements were true.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Consent to Publication)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, these answering defendants allege that defendants are not responsible for plaintiffs' harm, if any there be, in that plaintiffs consented, by their words and conduct, to defendants' alleged communication of statements to others.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(Immunity –Lack of Federal Right)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, these answering defendants allege that at the time of the events alleged by plaintiffs, there were no clearly established constitutional rights, of which these answering defendants knew or should have known, which required these answering defendants to act differently than they did, in fact, act.  These answering defendants therefore, allege that they are immune from liability.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(Policy, Custom or Practice)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, these answering defendants allege that they have no policy, custom or practice which violates any person's civil rights.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

(No Established Constitutional Rights)

As and for a separate and affirmative defense to the Complaint, these answering defendants allege that at the time of the events alleged by plaintiffs, there were no clearly established constitutional rights of which these answering defendants knew, or should have known, which

18

1    required these answering defendants to act differently.  These answering defendants therefore allege

2    that they are immune from liability.

3          WHEREFORE, these answering defendants pray that plaintiffs take nothing by way of their

4    complaint, that defendants have judgment for their costs of suit incurred herein, together with such

5    other and further relief as the Court may deem just and proper.

6                                    **JURY DEMAND**

7          Defendants demand a jury trial.

8                                              Respectfully submitted,

9    Dated:  October 22, 2014                   ORRY P. KORB
                                                COUNTY COUNSEL
10

11                                        By: _____/S/_____
                                               KARL A. SANDOVAL
12                                             Lead Deputy County Counsel

13                                             Attorneys for Defendants
                                               COUNTY OF SANTA CLARA, DOUGLAS
14                                             ULRICH, AND LAURIE SMITH

     1005849
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    19