NA'IL BENJAMIN, ESQ., (SBN 240354)
BENJAMIN LAW GROUP, P.C.
505 14th Street, 9th Floor
Oakland, California 94612
Telephone: (510) 588-8460
Facsimile:  (415) 349-3334
nbenjamin@benjaminlawgroup.com

Attorney for Plaintiffs
SEAN ALLEN,
JONA TRBOVICH and
SHONDA SANTOS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| SEAN ALLEN, et al. | CASE NO.: 5:14-cv-03829-BLF |
| *Plaintiffs*, | Assigned to Hon. Beth Labson Freeman |
| v. | **CASE MANAGEMENT STATEMENT** |
| COUNTY OF SANTA CLARA, et al. | Date:       May 26, 2016<br>Time:       9:00 a.m.<br>Dept:        Courtroom 3, 5th Floor<br>Judge:      Hon. Beth Labson Freeman |
| *Defendants.* | Complaint Filed:  August 25, 2014<br>**Trial Date:  October 31, 2016** |

It isn't clear that filing a Case Management Statement is appropriate given that the Parties were Ordered to return to court as a result of being unable to negotiate a discovery schedule. Defendants did not make any effort to meet and confer and submit a Joint Case Management Statement before filing their separate statements.  However, in response to Defendants' Case Management Statements, Plaintiffs provide an update for the Court's review.

///

///

**1. Relevant Procedural History**

On May 13, 2016, the Parties submitted Discovery Statements to Judge Larson in anticipation of meeting with Judge Larson to discuss a discovery schedule. In Plaintiffs' statement, Plaintiffs emphasized the following critical facts:

1. Plaintiffs have not been allowed to proceed with any depositions to date, despite initial meet and confer efforts before noticing the depositions in October 2015 and November 2015;

2. Plaintiffs noticed the County's 30(b)(6) deposition, and 14 fact witness depositions **after** attempting to meet and confer to schedule these depositions with Defendants. Defendants did not object to these notices, nor did they appear for the depositions;

3. Defendants then noticed several third party depositions – thereby evidencing availability for the depositions noticed by Plaintiffs – but Defendants continued to ignore Plaintiffs' efforts to meet and confer and schedule depositions in 2015;

4. Defendants have refused to produce Laurie Smith, a named party in this case, a department head, and a key witness with evidence regarding the substantive claims and the *Monell* claims. And Defendants have refused to produce District Attorney Rosen, a department head with evidence specific to the *Monell* claims and the unique decision to prosecute Plaintiff Santos *after* she filed this lawsuit. These depositions were properly noticed but Defendants ignored them and did not appear. Their objections are waived;

5. Defendants have refused to produce Defendant Morin for his deposition in California. This deposition was properly noticed for a date in December 2015 in Oakland, California, but Defendant ignored the notice and did not appear. Defendant Morin's objections are waived;

6. Defendants have already deposed Plaintiff Trbovich twice, and Plaintiff Santos once;

7. Defendants have not sufficiently satisfied their obligations to produce documents, but have instead produced the documents Defendants believe Plaintiffs need. Plaintiffs provided examples of inconsistencies in Defendants' production to Judge Larson;

8. Plaintiffs need many of these documents in order to properly prepare for depositions, and use those documents as exhibits for deponents.

Judge Larson became unavailable and has not had an opportunity to address these issues. Accordingly, the Parties attempted to meet and confer, in person, on May 24, 2016. The Parties were unable to reach agreements during this meeting. Defendants refused to discuss

their dates of availability for depositions in the months of August or September, and Defendants requested that Plaintiffs double-book depositions in July instead of offering additional dates for consideration despite Mr. Benjamin's trial calendar and court orders in other matters.

2. **The Current Dispute About Depositions**

The Parties identified numerous dates of current availability in the months of June 2016 and July 2016.  Because Defendants refused to offer dates in August 2016 and September 2016, despite knowing that Mr. Benjamin is in trial in June 2016, and has a discovery cutoff in another federal case scheduled for July 21, 2016, Mr. Benjamin identified dates that another attorney could be available for depositions.  The Parties had the following dates available:

- June 6, 10, 21, 24, 27, and possibly June 28
- July 1 ,13, 14, 15, 18, 20, 25, 26, 27, 29

In an effort to resolve all outstanding disputes and to avoid reappearing in court, Mr. Benjamin offered to staff another attorney on the case in a manner that burdens his firm and other client matters and to make her available to take depositions on July 8, 11, 12, 19, 21 22.  This is an extreme burden that was agreed to *only* for the purpose of striking a deal that was ultimately rejected by Defendants.  However, this approach is not tenable and this discussion should be disregarded because Defendants were unwilling to offer any concessions in return.

The primary disputes for the Court's consideration are as follows:

- Defendants' refusal to produce Defendant Laurie Smith and District Attorney Rosen;
- Defendants' refusal to produce Defendant Morin for his deposition in California;
- The Parties' inability to agree on a deposition order.  Defendants insist on denying Plaintiffs an opportunity to complete a substantial portion of its 30(b)(6) depositions while demanding to continue to control the discovery process by deposing Plaintiffs and their treating physicians;
- Plaintiffs need to be able to conduct depositions in August and possibly September, but Defendants refuse to provide any dates of availability beyond July.

Plaintiffs are aware of 26 witnesses that need to be deposed before trial.  Additionally, Plaintiffs anticipate learning of additional witnesses through the 30(b)(6) depositions.  Plaintiffs cannot complete these depositions before the end of July, especially given that Mr. Benjamin is in trial

*CASE MANAGEMENT STATEMENT*                              *CASE NO.: 5:14-cv-03829-BLF*

in June 2016 and has cut-offs in other cases in July 2016.  Defendants should not be allowed to benefit from: (1) failing to object and completely ignoring properly noticed depositions; (2) the continued refusal to produce 30(b)(6) and fact witnesses despite numerous efforts; (3) filing a dispositive motion while failing to produce all responsive documents and denying Plaintiffs depositions; and (4) attempting to limit Plaintiffs' time to complete discovery after already deposing Plaintiff Trbovich twice and Plaintiff Santos once.

3. **County Counsels' Duty of Candor To The Court**

County Counsel has consistently stated falsehoods to this Court for the purpose of gaining favor from the Court and presenting Plaintiffs' counsel in a negative light.  Mr Benjamin has attempted to ignore those falsehoods and present the facts for the Court's consideration.  However, given the posture of the case and the Court's displeasure with the issues being presented to the Court for the Court's attention, it is important to highlight the most recent falsehoods in the event the Court is interested in the truth:

1. Mr. Benjamin attempted to meet and confer and schedule depositions before serving deposition notices.  County Counsel ignored these calls and emails and left Mr. Benjamin with very little time to properly notice depositions before the initial December 2015 discovery cutoff.  Mr. Benjamin has quoted email communication in Plaintiffs' prior Case Management Statement, and can provide copies if the Court is interested.

2. Mr. Benjamin did not refuse to identify any witnesses that were subject to identification through initial disclosures or interrogatory responses.  County Counsel has misrepresented Mr. Benjamin's position.  Mr. Benjamin explained that Defendants may want to leave time to depose witnesses that submit declarations in support of Plaintiffs' opposition to any motion for summary.  Plaintiffs' have not seen that motion, but they anticipate the issues and are preparing to oppose it.  Plaintiffs' counsel and his investigator are not required to disclose the names of new witnesses they identify before trial, but after initial disclosures and responding to interrogatories.  That work product is protected until witness lists are due and Plaintiffs have decided to have those individuals testify as witnesses.

3. Mr. Benjamin's position that the meet and confer should be in his office was based on the fact that Mr. Benjamin drove to San Jose for the first meet and confer following the appointment of Judge Larson as the Discovery Referee.  It is Mr. Benjamin's recollection that Judge Larson expressed an expectation that the location for meet and confers would rotate.  Moreover, it is not unreasonable for each side to bear the burden of travel when there is a need to meet and confer in person.  County Counsel's representation that Mr. Benjamin "would only meet and confer at his office in Oakland, California" speciously

*CASE MANAGEMENT STATEMENT*                              *CASE NO.: 5:14-cv-03829-BLF*

omits the fact that Mr. Benjamin drove to San Jose for the first meet and confer and it presents the appearance of Mr. Benjamin being unreasonable or uncooperative.

### 4. Conclusion

Plaintiffs ask that the Court balance the equities in this case and enter an Order that grants Plaintiffs equal access to the discovery process and the evidence needed to prove their claims. Plaintiffs ask that the Court enter an Order as follows:

1. There will be no discovery cut-offs in this case;
2. Defendant Laurie Smith must appear for her deposition as noticed in 2015;
3. District Attorney Jeffrey Rosen must appear for his deposition as noticed in 2015;
4. Defendant Michael Morin must appear for his deposition as noticed in 2015;
5. Defendants cannot take any depositions until Plaintiffs have been allowed to complete their 30(b)(6) depositions;
6. Given the number of years of conduct at issue in this case, and the number of Parties, Plaintiffs may take 30 depositions in this consolidated action.

Dated:  May 25, 2016                         /s/ Na'il Benjamin

                                             Counsel for Plaintiffs