1      UNITED STATES DISTRICT COURT

2     NORTHERN DISTRICT OF CALIFORNIA

3       SAN JOSE DIVISION

4

5 JONA TRBOVICH, ET AL.,    ) C-14-03830 BLF
           ) C-14-03829 BLF
6      PLAINTIFFS,  )
           ) SAN JOSE, CALIFORNIA
7    VS.      )
           ) MAY 26, 2016
8 COUNTY OF SANTA CLARA, ET AL., )
           ) PAGES 1-23
9     DEFENDANTS.  )
 _____ )

10

11     TRANSCRIPT OF PROCEEDINGS
    BEFORE THE HONORABLE BETH LABSON FREEMAN
12     UNITED STATES DISTRICT JUDGE

13 A P P E A R A N C E S:

14 FOR THE PLAINTIFFS:  BENJAMIN LAW GROUP
          BY:  NA'IL BENJAMIN
15         505 14TH STREET, SUITE 900
          OAKLAND, CALIFORNIA  94612
16

17 FOR DEFENDANT    OFFICE OF COUNTY COUNSEL
 COUNTY:      BY:  GREGORY J. CHARLES
18          KARL A. SANDOVAL
         70 W. HEDDING STREET, 9TH FLOOR
19         SAN JOSE, CALIFORNIA  95110

20 FOR DEFENDANT    ROBINSON & WOOD
 MORIN:       BY:  JESSE F. RUIZ
21         227 NORTH FIRST STREET
         SAN JOSE, CALIFORNIA  95113
22

23 OFFICIAL COURT REPORTER:  LEE-ANNE SHORTRIDGE, CSR, CRR
          CERTIFICATE NUMBER 9595
24

25   PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
    TRANSCRIPT PRODUCED WITH COMPUTER

```
 1      SAN JOSE, CALIFORNIA                    MAY 26, 2016
 2                        P R O C E E D I N G S
 3          (COURT CONVENED AT 9:02 A.M.)
 4              THE COURT:  GOOD MORNING.  PLEASE BE SEATED.
 5          ALL RIGHT.  LET'S CALL OUR FIRST CASE.
 6              THE CLERK:  CALLING CASE 14-3830, TRBOVICH VERSUS
 7      COUNTY OF SANTA CLARA, ET AL.
 8          COUNSEL, PLEASE COME FORWARD AND STATE YOUR APPEARANCES.
 9              THE COURT:  AND THIS IS THE COMBINED CASE WITH ALLEN
10      WHICH I'VE NOW CONSOLIDATED, JUST FOR CLARITY.
11              MR. BENJAMIN:  GOOD MORNING, YOUR HONOR.
12          NA'IL BENJAMIN FOR THE PLAINTIFFS.
13              THE COURT:  GOOD MORNING.
14              MR. CHARLES:  GOOD MORNING, YOUR HONOR.
15          DEPUTY COUNTY COUNSEL GREGORY CHARLES FOR SERGEANT ULRICH,
16      THE COUNTY, AND THE SHERIFF.
17              THE COURT:  GOOD MORNING.
18              MR. RUIZ:  GOOD MORNING.
19          JESS RUIZ FOR DEFENDANT MORIN.
20              THE COURT:  HELLO, MR. RUIZ.
21          ALL RIGHT.  I MUST TELL YOU THAT I NEVER IMAGINED YOU'D BE
22      HERE TODAY.  I HAVE NEVER HAD A CASE WHERE COUNSEL WERE UNABLE
23      TO ACCOMPLISH THIS VERY BASIC TASK.
24          THE CIVILITY HAS BROKEN DOWN.  I ASCRIBE RESPONSIBILITY
25      EQUALLY TO BOTH SIDES.  I DON'T EXPECT TO EVER SEE FINGER
```

1    POINTING AGAIN IN THIS CASE.

2         AND I'M PREPARED TO MAKE SOME ORDERS.  I HAVE A FEW

3    QUESTIONS AND THEN I'M GOING TO SEND YOU TO MY JURY ROOM SO

4    THAT YOU CAN SPEND THE DAY DOING WHAT I EXPECTED YOU TO DO OVER

5    THE LAST TWO WEEKS.

6         MR. BENJAMIN, YOU INDICATE IN YOUR PAPERS THAT THERE'S A

7    15 DEPOSITION LIMIT, BUT YOU'D LIKE 30.

8              MR. BENJAMIN:  WE HAVE THREE PLAINTIFFS, YOUR HONOR,

9     THAT WERE --

10             THE COURT:  NO, NO.  I'M ASKING YOU ABOUT THE LIMITS.

11    THIS IS NOW A CONSOLIDATED CASE, SO I'M WILLING TO RECOGNIZE

12    THAT IT WASN'T UNTIL A WEEK AGO.

13        WHERE DOES THE NUMBER 15 COME FROM?

14             MR. BENJAMIN:  THAT WAS FROM OPPOSING COUNSEL, YOUR

15    HONOR.  THAT WAS NOT ME.

16             MR. CHARLES:  THE PRESUMPTIVE LIMIT IS 15, YOUR

17    HONOR.

18             THE COURT:  WELL, THE RULES OF CIVIL PROCEDURE SAY

19    10.

20             MR. CHARLES:  IT'S A TYPOGRAPHICAL ERROR.

21             THE COURT:  THAT'S OKAY.

22        SO, MR. BENJAMIN, THE POINT OF THIS IS YOU GET 10

23    DEPOSITIONS WITHOUT LEAVE OF COURT.  BECAUSE I JUST

24    CONSOLIDATED THESE CASES AND IT WAS TWO, IT WAS NEVER MY

25    INTENTION TO PENALIZE YOU THIS CLOSE TO THE END OF THE

1    DISCOVERY PERIOD.

2         BUT YOU'RE ASKING FOR 30.  THAT'S DENIED BECAUSE YOU'VE

3    GIVEN ME NO REASON FOR IT.

4         I WILL ALLOW 20 DEPOSITIONS PER SIDE.  THAT IS BECAUSE YOU

5    HAD TWO CASES, AND SO IT IS THE AMOUNT, THE NUMBER SET FORTH IN

6    THE FEDERAL RULES OF CIVIL PROCEDURE.

7         AS TO -- MR. RUIZ, AS TO YOUR CLIENT, HE HAS OPPOSED HIS

8    DEPOSITION BEING TAKEN HERE IN CALIFORNIA AND IT APPEARS THAT

9    THAT'S BEEN BRIEFED.

10         AND, MR. BENJAMIN, ALTHOUGH I'LL LET YOU BRIEF THE ISSUE,

11   I WANT YOU TO KNOW THAT IT'S PRESUMPTIVELY CORRECT THAT THE

12   WITNESS IS TO BE DEPOSED WHERE HE LIVES OR WORKS, AND THAT

13   WOULD BE GEORGIA.

14         IF YOU WANT TO WORK OUT WITH MR. RUIZ A TELEPHONE

15   DEPOSITION BECAUSE IT WOULD BE EXPENSIVE FOR YOUR CLIENTS AS

16   WELL TO PAY FOR YOU TO TRAVEL, I THINK THAT THAT'S PROBABLY A

17   REASONABLE THING FOR YOU TO DO, AND YOU CAN ARRANGE FOR

18   MR. MORIN TO GO TO A COURT REPORTER OFFICE WHERE THEY CAN

19   ADMINISTER AN OATH, OR YOU CAN -- HOWEVER YOU WANT TO ARRANGE

20   THAT.

21         AND, MR. RUIZ, I'M SURE THAT WOULD SATISFY YOUR CLIENT'S

22   CONCERNS ABOUT THE EXPENSE AND INCONVENIENCE.

23              MR. RUIZ:  IT WOULD, YOUR HONOR.

24              THE COURT:  ALL RIGHT.  SO YOU'RE WELCOME TO TRAVEL

25   TO GEORGIA.  YOU CAN ALL GET ON A PLANE AND GO THERE.  BUT

1    THERE ARE OTHER LESS EXPENSIVE MEANS.

2        BUT SHORT OF YOU PROVIDING GOOD CAUSE WHY MR. MORIN SHOULD

3    TRAVEL, YOU SHOULD CONSIDER THAT RESOLVED.

4        I AM GOING TO SET SOME DISCOVERY CUTOFF DATES BECAUSE IT

5    APPEARS YOU'VE BEEN UNABLE TO DO THAT YOURSELVES, AND I WILL

6    SET A DISCOVERY CUTOFF DATE -- LET'S SEE -- I'VE GOT SOME DATES

7    FOR YOU.

8        FACT -- AND IF YOU HAVE A CONCERN WITH THESE DATES, PLEASE

9    VOICE THEM NOW.

10       IT WOULD BE MY INTENTION TO SET YOUR FACT DISCOVERY CUTOFF

11   DATE OF SEPTEMBER 15; YOUR EXPERT DISCLOSURE, YOUR INITIAL

12   EXPERT DISCLOSURE OF AUGUST 15; YOUR REBUTTAL EXPERT

13   DISCLOSURES BY SEPTEMBER 1, WITH EXPERT DEPOSITIONS BY

14   SEPTEMBER 30 TO GIVE YOU A LITTLE MORE TIME TO MAYBE SETTLE THE

15   CASE AND SAVE THE MONEY ON THOSE DEPOSITIONS.

16       THOSE ARE MY -- AND THEN WE WILL GET TO THE ISSUE OF THE

17   NECESSITY OF WORKING OUT THE ACTUAL DATES OF THE DEPOSITIONS.

18   I KNOW YOU HAVE SOME WITNESSES HERE TODAY, AS I ORDERED, SO

19   THAT THEIR SCHEDULES CAN BE TAKEN INTO ACCOUNT.

20       ON THOSE DISCOVERY CUTOFF DATES, ANY REACTIONS?

21       MR. BENJAMIN:  I WOULD LIKE TO CLARIFY, YOUR HONOR,

22   THE DATE FOR EXPERT DISCLOSURE.  DID YOUR HONOR SAY AUGUST 1ST

23   OR 31ST?

24       THE COURT:  I SAID THE DISCLOSURE WAS AUGUST 15, WITH

25   A REBUTTAL BY SEPTEMBER 1, AND THE DEPOSITIONS BY SEPTEMBER 30.

1          MR. BENJAMIN:  THANK YOU.

2          THE COURT:  REACTIONS?

3          MR. CHARLES:  THAT'S FINE, YOUR HONOR.

4          THE COURT:  THANK YOU, MR. CHARLES.

5     MR. RUIZ?

6          MR. RUIZ:  I HAVE NO OBJECTION.

7          THE COURT:  THANK YOU.

8     MR. BENJAMIN?

9          MR. BENJAMIN:  SAME.

10          THE COURT:  ALL RIGHT.  I APPRECIATE THAT.

11     NOW, WE -- WHEN WE GO ON TO THE -- LET ME MAKE -- SET A

12 FEW GROUND RULES ON THE DEPOSITIONS.  I KNOW A FEW HAVE BEEN

13 TAKEN, OR STARTED.

14     AND WHATEVER AGREEMENTS YOU HAVE ON THE AMOUNT OF TIME

15 ALLOWED FOR THOSE DEPOSITIONS I DON'T INTEND TO INTERFERE WITH.

16 THE RULES REQUIRE THAT IT IS PRESUMPTIVELY SEVEN HOURS PER

17 WITNESS UNLESS YOU AGREE OTHERWISE OR GET A COURT ORDER.

18     ON THE NUMBER OF DEPOSITIONS, THERE BEING NO MOTION TO

19 EXCEED THE NUMBER, YOU SHOULD PRESUME THAT THERE WILL BE 20

20 DEPOSITIONS, AND FOR BOTH SIDES, LET ME -- AND THAT INCLUDES

21 YOUR 30(B)(6).

22     LET ME MAKE IT CLEAR THAT YOU ARE TO PUT YOUR MOST

23 IMPORTANT WITNESSES IN THE 20, AND IF YOU ASK TO EXCEED THAT,

24 YOU WILL HAVE TO -- IF YOU TELL ME THAT YOU HAVE AN ADDITIONAL

25 WITNESS WHO IS SO IMPORTANT, I WILL BE LOOKING AND COMPARING

1   THOSE ADDITIONAL REQUESTED DEPOSITIONS TO THE ONES YOU'VE

2   TAKEN.  SO IF YOU LOAD UP THE FRONT END WITH THE EXTRANEOUS

3   INDIVIDUALS, I WILL NOT BE GRANTING MORE.

4       THIS CASE IS NOT THAT COMPLICATED AND THE -- JUST BE

5   ADVISED THAT A LONG TRIAL IN THIS CASE WOULD GIVE EACH SIDE 15

6   TO 18 HOURS TO PUT ON YOUR CASE AND TO MAKE ALL OF YOUR

7   CROSS-EXAMINATION.

8       SO THE IDEA OF THERE BEING 30 WITNESSES FOR THE PLAINTIFF

9   AND SOME NUMBER FOR THE DEFENSE IS UNREALISTIC GIVEN THE NUMBER

10  OF ISSUES IN THIS CASE AND THE EXTRAORDINARY DUPLICATION THAT

11  THESE WITNESSES WOULD BE PROVIDING IN MY VIEW.

12      NOW, THE OTHER THING IS THAT THERE IS THE LAST ISSUE THAT

13  I WANT TO GET TO.  THERE IS SOME CONCERN AND DISAGREEMENT OVER

14  THE PARTIES' OBLIGATION TO UPDATE YOUR DISCLOSURES UNDER

15  RULE 26 AND TO SUPPLEMENT YOUR INTERROGATORY RESPONSES.

16      LET ME BE CLEAR THAT IF THERE ARE ANY WITNESSES THAT YOU

17  INTEND TO PROVIDE THROUGH DECLARATIONS IN YOUR MOTIONS FOR

18  SUMMARY JUDGMENT, YOU MUST AMEND THOSE RULE 26 DISCLOSURES AND

19  INTERROGATORIES WITHIN TEN DAYS OF TODAY'S DATE.  OTHERWISE I

20  WILL STRIKE ANY DECLARATIONS FROM WITNESSES WHO HAVE NOT BEEN

21  IDENTIFIED.

22      THAT SHOULD GIVE SOME MODEST AMOUNT OF TIME FOR WITNESSES

23  TO BE DEPOSED BEFORE SUMMARY JUDGMENT IS FILED, WHICH IS COMING

24  UP PRETTY SOON, MR. CHARLES, I BELIEVE.

25      MR. CHARLES:  THAT'S CORRECT, YOUR HONOR, END OF

1    JUNE.

2           THE COURT:  ALL RIGHT.  SO THE DISCLOSURE WITHIN TEN

3    DAYS SHOULD SATISFY THAT.

4        I WILL NOT ALLOW SANDBAGGING ON SUMMARY JUDGMENT TO

5    PREVENT SUMMARY JUDGMENT FROM GOING FORWARD.

6        THE OTHER THING IS I WILL NOT ALLOW THE DEPOSITIONS THAT

7    ARE KEY TO SUMMARY JUDGMENT TO BE DELAYED BEYOND THE FILING OF

8    SUMMARY JUDGMENT MOTION.

9        THE FINAL THING IS BEFORE WE GET TO THE ISSUE OF THE

10   ACTUAL SCHEDULING -- I KNOW YOU'VE WORKED OUT A FEW.  I KNOW

11   YOU'VE PROVIDED CERTAIN DATES THAT COUNSEL ARE AVAILABLE.

12       MR. BENJAMIN SUGGESTS IN HIS PAPERS, MR. CHARLES, THAT THE

13   COUNTY WAS NOT PREPARED TO MAKE ANY DATES AVAILABLE IN AUGUST

14   AND SEPTEMBER.  IS THAT ACCURATE?

15           MR. CHARLES:  I WAS THINKING OF DATES IN AUGUST

16   BECAUSE I'M STARTING A JURY TRIAL IN STATE COURT AUGUST 29TH.

17           THE COURT:  OKAY.

18           MR. CHARLES:  AND, QUITE FRANKLY, BASED ON THE FACT

19   THAT DATES WE WORKED OUT AND THE FACT THAT WE HAD 11 CLEAR

20   DATES, IT WAS SORT OF MY EXPECTATION THAT WE ALREADY HAD ENOUGH

21   DATES TO GET THE DEPOSITIONS DONE IN THIS CASE.

22           THE COURT:  WELL, THAT MAY CERTAINLY BE TRUE AND

23   YOU'D CERTAINLY -- USUALLY DISCOVERY HAS CLOSED WELL BEFORE THE

24   SUMMARY JUDGMENT MOTION.

25           BUT I WOULD ASSUME THAT YOU WOULD HAVE AMPLE TIME TO BRING

1    IN SOMEONE ELSE IN YOUR OFFICE TO ASSIST YOU IN DEFENDING OR

2    TAKING DEPOSITIONS.

3              MR. CHARLES:  MR. SANDOVAL IS AVAILABLE, YOUR HONOR.

4              MR. SANDOVAL:  GOOD MORNING, YOUR HONOR.

5         KARL SANDOVAL ALSO FOR THE COUNTY.

6              THE COURT:  GOOD MORNING.

7         ALL RIGHT.  IF NEEDED, BECAUSE I'M ALLOWING FACT DISCOVERY

8    TO REMAIN OPEN THROUGH THE MIDDLE OF SEPTEMBER, SO I WOULD

9    EXPECT THAT SOME DATES WOULD BE AVAILABLE, SO I APPRECIATE THAT

10   YOU'VE WORKED THAT OUT.

11        THOSE ARE ALL OF THE ISSUES THAT I WANTED TO WORK OUT

12   BEFORE I SEND YOU AND THE WITNESSES INTO THE JURY ROOM HERE.

13   I'M GOING TO GO ON TO MY MOTION CALENDAR, BUT I'M GOING TO BE

14   RIGHT HERE ALL MORNING, IN FACT ALL AFTERNOON, SO MAKE

15   YOURSELVES COMFORTABLE.  IT'S A NICE, STUFFY, WINDOWLESS

16   OFFICE, OR CONFERENCE ROOM, WHICH OUR JURORS AND YOUR JURORS

17   WILL BE IN FOR AS MANY DAYS AS THEY NEED TO DELIBERATE.  SO I'M

18   MAKING YOU AS COMFORTABLE AS WE MAKE THE PUBLIC AND I'M SURE

19   YOU'LL ENJOY THAT.

20             MR. CHARLES:  YOUR HONOR, HOW DO WE ACCOMMODATE THE

21   FACT THAT MS. TRBOVICH AND MR. ALLEN ARE NOT PRESENT TODAY?

22             MR. BENJAMIN:  THEIR DEPOSITIONS HAVE BEEN SCHEDULED,

23   YOUR HONOR.

24             THE COURT:  OH, IT'S SCHEDULED.  WELL, THAT TAKES

25   CARE OF IT, THEN.

1        MR. CHARLES:  WELL, AND I WANT SOME CLARITY, BECAUSE

2    MR. BENJAMIN WROTE IN HIS CASE MANAGEMENT STATEMENT THAT HE

3    FILED YESTERDAY, HE SAID THERE IS NO AGREEMENT.  AND --

4        THE COURT:  I GUESS THERE IS, THEN.

5        MR. CHARLES:  SO IF --

6        THE COURT:  IF THEY'RE NOT HERE, THEN THERE IS AN

7    AGREEMENT.

8        MR. BENJAMIN:  THANK YOU, YOUR HONOR.

9        MR. CHARLES:  THAT SOLVES THAT PROBLEM.

10       THE COURT:  GOOD.  WHAT I ANTICIPATE BEFORE YOU LEAVE

11   TODAY IS THAT THERE WILL BE A COURT ORDER ON THE DEPOSITION

12   SCHEDULES OF THE WITNESSES AND IT CANNOT BE CHANGED WITHOUT A

13   FURTHER COURT ORDER.

14       OBVIOUSLY WITNESSES SOMETIMES ARE TAKEN ILL OR HAVE FAMILY

15   OR PERSONAL EMERGENCIES.

16       HOWEVER, IF THAT HAPPENS, YOU WILL NEED TO WORK THAT OUT,

17   BUT I CERTAINLY UNDERSTAND THAT THAT HAPPENS.  IT'S A LOT OF

18   DIFFERENT PEOPLE AND WE WISH THEM GOOD HEALTH AND THE ABILITY

19   TO BE HERE.  BUT ONE NEEDS TO BE REASONABLE THAT THINGS CAN

20   HAPPEN.  BUT THIS IS -- I WILL CONSIDER THIS A FIRM ORDER.

21       NOW, YOU'RE GOING TO BE IN A ROOM RIGHT NEXT TO ME.  I

22   DON'T EXPECT VOICES TO BE RAISED BECAUSE IT WILL INTERFERE WITH

23   THE COURT PROCEEDINGS.  AND I -- AND I WILL ASK -- MY MOTIONS

24   WON'T TAKE THAT LONG.  WE WILL COME GET YOU WHEN THERE'S A

25   BREAK, AND MS. SALINAS-HARWELL WILL CHECK IN WITH YOU MAYBE

```
1    BETWEEN MY TWO MOTIONS JUST TO MAKE SURE THAT EVERYTHING IS

2    FINE.

3              BUT I'M HOPING THAT, GIVEN THAT COUNSEL HAVE IDENTIFIED

4    DATES AND WE'RE NOT SCHEDULING 27 DEPOSITIONS, IT'S 20 TOTAL

5    PER SIDE, AND I DON'T KNOW HOW MANY THE COUNTY AND THE

6    DEFENDANTS HAVE EVEN --

7              MR. RUIZ:  FAR LESS THAN 20, YOUR HONOR.

8              THE COURT:  OKAY.  SO YOU HAVE NO ISSUE WITH THAT.

9              MR. RUIZ:  NO.

10             MR. CHARLES:  WELL, THERE'S SORT OF AN OPEN ISSUE,

11   THOUGH.  IN ADDITION TO THE PARTIES, WE WANT TO TAKE THE

12   DEPOSITIONS OF THE HEALTH CARE PROVIDERS BECAUSE THE PLAINTIFFS

13   ARE -- AND WE'VE IDENTIFIED EIGHT AND WE CAN CERTAINLY GET

14   THOSE ON CALENDAR.

15             BUT MR. BENJAMIN REFUSES TO RETURN TO US SIGNED

16   AUTHORIZATIONS.

17             THE COURT:  WELL, I'M A LITTLE BIT -- IS THERE A --

18   WELL, LET ME JUST LOOK AT THE COMPLAINT.

19             MR. CHARLES:  THERE IS AN EMOTIONAL DISTRESS CLAIM.

20             THE COURT:  OH, THERE IS INTENTIONAL INFLICTION OF

21   EMOTIONAL DISTRESS.  WELL, IT'S BEEN PLACED AT ISSUE.

22             MR. CHARLES:  THAT'S RIGHT.  BUT LIKE I SAID,

23   MR. BENJAMIN WILL NOT GIVE US AUTHORIZATIONS FOR THE HEALTH

24   CARE PROVIDERS.

25             THE COURT:  ALL RIGHT.
```

1          MR. BENJAMIN, I REALLY RESPECT YOUR CLIENTS' PRIVACY ON

2     THEIR MEDICAL MATTERS, BUT THEY HAVE A CHOICE.  THEY CAN EITHER

3     PROCEED ON THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND

4     GIVE THE AUTHORIZATIONS, OR DISMISS THE CLAIM.

5               MR. BENJAMIN:  MAY I --

6               THE COURT:  SO THEY HAVE A CHOICE.

7               MR. BENJAMIN:  MAY I, YOUR HONOR?

8               THE COURT:  YES.

9               MR. BENJAMIN:  COUNSEL SHOULD BE WILLING TO ADMIT TO

10    YOUR HONOR, I PROVIDED THEM WITH LANGUAGE THAT MY CLIENTS ARE

11    WILLING TO AGREE TO FOR PURPOSES OF RELEASES SO THAT THE

12    MEDICAL PROVIDERS CAN BE DEPOSED.  WE HAVE -- I HAVE AGREED TO

13    LANGUAGE WITH COUNSEL.

14         I HAVE NOT REFUSED --

15              THE COURT:  SO YOUR CLIENTS HAVE TO SIGN A RELEASE,

16    MR. BENJAMIN.

17              MR. BENJAMIN:  I COMPLETELY AGREE.

18         THE ISSUE, THE ONLY ISSUE -- AND WE BRIEFED THIS FOR

19    JUDGE LARSON -- IS THEY WANT TO MAKE SURE THAT OPPOSING

20    COUNSEL, BASED ON THE HISTORY OF THE DEPOSITIONS TO DATE, DON'T

21    GO OUTSIDE THE SCOPE OF THAT LANGUAGE.  THAT'S THEIR ONLY

22    CONCERN.

23              THE COURT:  SO JUDGE LARSON IS DEALING WITH THIS

24    ISSUE?

25              MR. BENJAMIN:  I BRIEFED IT, YOUR HONOR, FOR HIM.

1          MR. CHARLES:  WE COPIED AND PASTED THE LANGUAGE THAT

2    MR. BENJAMIN PROPOSED IN TWO RELEASES AND SENT THEM TO HIM AND

3    WE JUST SAID, GIVE IT BACK, AND HE WON'T GIVE IT TO US.

4          MR. SANDOVAL:  THIS WAS FOUR TO SIX WEEKS AGO, YOUR

5    HONOR.

6          MR. BENJAMIN:  AS I SAID, I'VE AGREED TO THE

7    LANGUAGE.  I'VE RECOMMENDED IT TO MY CLIENTS.  THEY'VE RAISED A

8    CONCERN.  WE'VE BRIEFED IT FOR JUDGE LARSON.  THAT'S THE ONLY

9    REASON IT HASN'T BEEN SIGNED.

10          THE COURT:  I DON'T WANT TO TAKE THIS AWAY FROM

11    JUDGE LARSON, BUT LET ME TELL YOU THAT IF IT'S NOT RESOLVED

12    WITH HIM, I WILL GIVE YOU ONLY A FEW DAYS TO DETERMINE WHETHER

13    YOUR CLIENTS SIGN THE RELEASE THAT YOU WROTE, MR. BENJAMIN, OR

14    THE COURT WILL DISMISS THE CLAIM.

15       IT'S -- AS I SAY, THIS IS BASED ON COMPLETE RESPECT FOR

16    THEIR DESIRE FOR PRIVACY.  BUT THEY HAVE PUT IT AT ISSUE AND

17    THEY HAVE A CHOICE TO MAKE.

18          MR. BENJAMIN:  ABSOLUTELY, YOUR HONOR.

19          THE COURT:  SO YOU'RE MEETING -- DO YOU HAVE A

20    DATE -- ARE YOU ACTUALLY MEETING WITH JUDGE LARSON OR HAVE YOU

21    JUST SUBMITTED THE MATTERS?

22          MR. RUIZ:  HE IS ON, I THINK, A VACATION.

23          THE COURT:  HE'S AWAY, I'M AWARE OF THAT.

24          MR. BENJAMIN:  JUNE 1ST WE'VE ALL MADE OURSELVES

25    AVAILABLE FOR JUDGE LARSON AND I'M ANTICIPATING CONFIRMATION

```
 1      THAT WE'LL HAVE THAT CALL WITH JUDGE LARSON ON THE 1ST.

 2              THE COURT:  GOOD.

 3              MR. BENJAMIN:  THE ISSUE HAS BEEN PUT BEFORE HIM.  WE

 4      HAVE NOT REFUSED.

 5          WE'VE JUST ASKED HIM TO MAKE SURE THAT COUNSEL DOESN'T GO

 6      OUTSIDE THE SCOPE BASED ON THE QUESTIONS THEY'VE ASKED IN

 7      DEPOSITIONS TO DATE.  THAT'S ALL THEY'VE ASKED FOR.

 8              MR. RUIZ:  YOUR HONOR, YOU KNOW, IT'S REALLY EASY.

 9      YOU GIVE A RELEASE, YOU GET THE RECORDS, YOU DON'T PUT

10      CONDITIONS ON IT.

11              THE COURT:  THIS IS JUST RECORDS?

12              MR. RUIZ:  THIS IS JUST RECORDS AT THIS POINT.

13              THE COURT:  OKAY.

14              MR. BENJAMIN:  IT'S DEPOSITIONS, YOUR HONOR, RECORDS

15      AND DEPOSITIONS.

16              MR. SANDOVAL:  WELL, THERE'S TWO STEPS.  WE NEED TO

17      GET THE RECORDS WITH THE AUTHORIZATIONS.  WE LOOK AT THE

18      RECORDS AND THEN WE TAKE THE DEPOSITIONS.  IT'S NOT

19      COMPLICATED.

20              THE COURT:  YOUR CLIENTS DON'T GET TO WRITE THE RULES

21      ON THIS, MR. BENJAMIN, WHEN THEY PUT THEIR EMOTIONAL CONDITION

22      AT ISSUE.

23          SO THIS IS A FIGHT THAT I WILL SOLVE EASILY, BUT I'M GOING

24      TO LEAVE IT TO JUDGE LARSON BECAUSE YOU HAVE BRIEFED IT FOR

25      HIM.
```

1       BUT, MR. CHARLES, IF YOU ARE UNABLE TO REACH A RESOLUTION

2    ON THIS THAT ALLOWS YOU TO GO FORWARD, I'LL JUST ASK THAT YOU

3    PROVIDE TO ME A TWO-PAGE SUMMARY OF THE OUTSTANDING ISSUE, WITH

4    A TWO-PAGE RESPONSE, SO THAT I CAN WORK THIS OUT.

5       AND I THINK YOU WILL LEARN, I'M NOT SPENDING A LOT OF TIME

6    ON THIS.  I'VE SEEN THESE ISSUES A THOUSAND TIMES IF I'M BEING

7    CONSERVATIVE.  BUT I IMAGINE EACH OF YOU HAVE BEEN DOWN THIS

8    ROAD 2,000 TIMES FOR THE THOUSAND TIMES I'VE BEEN DOWN THE

9    ROAD.

10       THIS ISN'T HARD, SO WE'RE GOING TO WORK THIS OUT.  WE'RE

11    NOT GOING TO HIDE THE BALL ON THIS CASE.  THIS IS OPEN

12    DISCOVERY.  THERE IS NO TRIAL BY AMBUSH IN THIS CASE AT ALL,

13    AND I WILL NOT HESITATE TO EXCLUDE EVIDENCE BECAUSE IT HAS NOT

14    BEEN PROVIDED.

15       AND, MR. CHARLES, YOUR OBLIGATION IS TO COME TO THE COURT

16    EARLY ON AND NOT WAIT, BECAUSE AS TIME GOES BY, THERE'S NOT

17    MUCH I CAN DO.

18       AND, MR. BENJAMIN, I WANT TO GIVE YOU EVERY OPPORTUNITY TO

19    PRESENT YOUR CASE TO THE JURY, BUT ONLY IF YOU COMPLY WITH THE

20    RULES.

21       ALL RIGHT?

22       MR. BENJAMIN:  UNDERSTOOD.

23       THE COURT:  SO I THINK THAT TAKES CARE THEN OF

24    EVERYTHING THAT I WANTED TO DISCUSS WITH YOU, AND I'VE SET A

25    LOT OF DATES FOR YOU.  I HOPE THAT IS OF ASSISTANCE.

1        I NEED ONE OF YOU TO BE THE RECORDER OF THE AGREED DATES

2    SO THAT I CAN MAKE A RECORD OF IT, AND WHAT I WILL ASK IS THAT

3    AS YOU AGREE ON -- AND SO IT WILL BE DATE AND WITNESS, AND AS

4    YOU AGREE TO IT, I WOULD LIKE EACH OF YOU TO INITIAL YOUR

5    APPROVAL OF IT AND THEN MOVE ON TO THE OTHERS.

6        AND AS I -- THE ORDER SHOULD INCLUDE WHAT YOU'VE ALREADY

7    AGREED, AND THE -- FOR THE ALLEN AND TRBOVICH DEPOSITIONS, IT

8    APPEARS THEY'VE BEEN AGREED TO BECAUSE THE WITNESSES HAVE NOT

9    COME TO COURT, AND I APPRECIATE THAT, I THINK THAT'S GREAT, AND

10    WE'LL JUST MOVE ALONG WITH THE AGREEMENTS ON THE OTHERS.

11        AND TO THE EXTENT YOU'RE UNABLE TO AGREE, I THINK MY LAST

12    MATTER THIS AFTERNOON WILL END AROUND 3:30 AND I'D BE GLAD TO

13    CHECK IN WITH YOU AT THAT TIME.

14        BUT PLEASE -- AND AS YOU AGREE TO A WITNESS AND YOU'VE

15    BOTH SIGNED ON TO IT, THAT WITNESS IS FREE TO GO.

16        I -- SO, YOU KNOW, IF YOU'VE GOT SOMEONE -- AND, OH, THE

17    LAST THING THAT I WANTED TO ADDRESS, IS JUDGE LARSON DEALING

18    WITH THE PROPRIETY OF THE DEPOSITIONS OF SHERIFF SMITH AND

19    DISTRICT ATTORNEY ROSEN?

20        MR. CHARLES:  YES, AND I WAS GOING TO RAISE THAT

21    ISSUE --

22        THE COURT:  OKAY.

23        MR. CHARLES:  -- AND ASK YOU IF YOU WOULD RELEASE THE

24    SHERIFF SINCE THAT ISSUE IS BEFORE JUDGE LARSON.  IF HE ORDERS

25    IT, WE WILL PRODUCE THE SHERIFF FOR DEPOSITION.

1          THE COURT:  SO I'M GOING TO -- I NEED YOU TO PICK A

2     DATE, BUT I AM NOT -- IF IT'S BEFORE JUDGE LARSON, THEN I'M NOT

3     GOING TO INTERFERE WITH THE PROPRIETY OF THE DEPOSITION.

4          MR. CHARLES:  THAT'S CORRECT.

5          THE COURT:  THAT'S NOT MY ROLE TODAY.  AND, AGAIN,

6     I'M NOT WANTING TO STEP ON TOES OF JUDGE LARSON.

7        SO SHERIFF SMITH IS A PARTY, SO SHE'S HERE TODAY, AND I

8     APPRECIATE THAT.  AND SO IF -- DID YOU REACH AN AGREEMENT ON A

9     DATE?

10          MR. CHARLES:  WE HAVE NOT TALKED ABOUT A DATE FOR THE

11     SHERIFF'S DEPOSITION.

12          THE COURT:  THEN WHY DON'T YOU DO -- TAKE CARE OF

13     THAT DATE FIRST --

14          MR. CHARLES:  WE WILL.

15          THE COURT:  -- WITH THE UNDERSTANDING THAT

16     SHERIFF SMITH IS FREE TO SEEK A PROTECTIVE ORDER BASED ON HER

17     STATUS AS AN ELECTED OFFICIAL AND, AS YOU INDICATE, AN APEX

18     WITNESS.  THAT MAY OR MAY NOT BE APPROPRIATE, WE'LL LEAVE THAT

19     TO JUDGE LARSON.

20        AND FOR DISTRICT ATTORNEY ROSEN, HE'S A THIRD PARTY.

21          MR. CHARLES:  HE'S NOT A PARTY AND WE HAVE NO ABILITY

22     TO COMPEL HIS APPEARANCE.

23          THE COURT:  OF COURSE NOT, AND THAT IS ABSOLUTELY

24     CORRECT.

25        BUT THE PROPER PROCEDURE THERE WOULD BE -- AND IS

1      JUDGE LARSON DEALING WITH THAT?

2              MR. BENJAMIN:  YES, YOUR HONOR.

3              MR. CHARLES:  IT HAS, BUT THE -- HE HAS, BUT THERE

4      WAS NEVER A SERVICE OF THE SUBPOENA ON THE DISTRICT ATTORNEY.

5              THE COURT:  OKAY.  WELL, THAT'S JUST WHAT I WAS GOING

6      TO SUGGEST, THAT MR. ROSEN HAS TO BE SUBPOENAED, AND HE

7      CERTAINLY KNOWS HOW TO REACH OUT TO LAWYERS, PROBABLY FROM YOUR

8      OFFICE.

9              MR. CHARLES:  THAT'S PROBABLY CORRECT.

10             THE COURT:  RIGHT, AND TO SEEK A PROTECTIVE ORDER.

11      AND, YOU KNOW, I CAN'T PRESUME THE WITNESS WILL NOT WISH

12      TO APPEAR.  I DON'T KNOW WHAT HE'LL WANT TO DO.  THAT'LL REALLY

13      BE UP TO HIM.

14      YOU REPRESENT SHERIFF SMITH, SO YOU CAN REPRESENT TO ME

15      HER CIRCUMSTANCE AND YOU'VE DONE THAT.

16      AND SO I'M JUST LOOKING FOR A DATE, AND TO THE EXTENT THAT

17      THAT SHOULD BE A LITTLE BIT LATER SO THAT YOU CAN WORK OUT THE

18      ISSUE OF WHETHER SHE NEEDS TO APPEAR, THAT WOULD BE -- THAT

19      WOULD BE APPROPRIATE.

20             MR. CHARLES:  CORRECT.

21             THE COURT:  ALL RIGHT THEN.  SO I'M GOING TO HAVE YOU

22      AND ALL OF YOUR WITNESSES -- IT'S GOING TO BE CROWDED AND IT'S

23      GOING TO BE HOT AND THAT'S INTENDED TO MAKE YOU BE EFFICIENT.

24      IF I COULD HAVE TAKEN THE CHAIRS OUT OF THE ROOM, I WOULD HAVE

25      DONE THAT, TOO.

1        BUT I THINK MAYBE -- AND THEN SOMEONE WILL PREPARE THAT

2    LIST OF WITNESSES, INITIALS BY IT SO THAT YOU KNOW YOU CAN MOVE

3    ON, AND WE'LL CHECK IN WITH YOU SHORTLY.

4        MR. BENJAMIN:  THANK YOU.

5        THE COURT:  ALL RIGHT.  I'M GOING TO TAKE A BREAK SO

6    MS. SALINAS-HARWELL CAN TAKE YOU INTO THE JURY ROOM.

7      (A RECESS WAS TAKEN AT 9:22 A.M. AND THE CASE WAS RECALLED

8    AT 12:04 P.M.)

9        THE COURT:  HAVE THE WITNESSES ALL BEEN EXCUSED?

10       MR. RUIZ:  YES.  VERY QUICKLY AS A MATTER OF FACT.

11       THE COURT:  ALL RIGHT.  LET'S GO BACK ON THE RECORD

12    IN ALLEN AND TRBOVICH VERSUS COUNTY OF SANTA CLARA.

13     AND COUNSEL ARE HERE.

14     I UNDERSTAND THAT YOU HAVE BEEN ABLE TO WORK OUT A

15    DEPOSITION SCHEDULE.

16       MR. RUIZ:  WE HAVE, YOUR HONOR.  IT WAS IN THE FORM

17    OF AN EXCEL SHEET THAT WE ALL AGREED TO.

18       THE COURT:  OH.

19       MR. RUIZ:  AND IT GOES CHRONOLOGICALLY.  IT DOCUMENTS

20    20 DATES, WITNESSES PER SIDE.

21     SINCE THERE WILL BE A SUPPLEMENTAL DISCLOSURE AND WE DON'T

22    KNOW HOW MANY PROVIDERS, WE HAVE JUST BLOCKED DATES FOR THOSE

23    SINCE THOSE WILL BE COMING.

24       THE COURT:  EXCELLENT, OKAY.

25       MR. RUIZ:  AND IT RUNS FROM THE VERY EARLY PART OF

1    JUNE THROUGH THE FIRST PART OF SEPTEMBER WITHIN THE COURT'S

2    DISCOVERY.

3         THE COURT:  OKAY.

4         MR. RUIZ:  WE CAN CONVERT THIS TO WORD AND SUBMIT IT

5    TO THE COURT.

6         THE COURT:  I WOULD LIKE THAT, YES.

7    MR. BENJAMIN, YOU'VE HAD A CHANCE TO LOOK AT THIS

8    SPREADSHEET?

9         MR. BENJAMIN:  I HAVEN'T SEEN THE SPREADSHEET, BUT

10   I'M PRETTY CONFIDENT THAT MR. RUIZ HAS MEMORIALIZED WHAT WE'VE

11   DISCUSSED.

12        THE COURT:  THANK YOU.

13        MR. BENJAMIN:  BECAUSE WE'VE GONE OVER IT MAYBE TWICE

14   VERBALLY AND EACH HAVE WRITTEN IT, SO I TRUST THAT THAT'S BEEN

15   DONE ACCURATELY.

16        THE COURT:  ALL RIGHT THEN.

17   THAT WAS A BIG EFFORT.  I GREATLY APPRECIATE WHAT YOU'VE

18   DONE.  I WOULD LIKE THIS TURNED INTO AN ORDER.

19   AND, MR. CHARLES, YOU AGREE WITH ALL OF THIS AS WELL?

20        MR. CHARLES:  YES.  MR. SANDOVAL AND I HELPED CRAFT

21   THAT SPREADSHEET.

22        THE COURT:  EXCELLENT.  ALL RIGHT THEN.

23   THIS IS NOW A FIRM SCHEDULE WITH DEPOSITIONS BEGINNING

24   JUNE 6TH AND CONTINUING -- AND IT'S A VERY AMBITIOUS SCHEDULE

25   AND IT WILL REQUIRE A LOT OF HARD WORK ON BOTH SIDES.  I

1          CERTAINLY APPRECIATE THAT.

2               ALL RIGHT.  WHY DON'T YOU SUBMIT AN ORDER?  I -- AND THAT

3      ORDER SHOULD INCLUDE THE REQUIREMENT OF SUPPLEMENTAL

4      DISCLOSURES WITHIN TEN DAYS OF TODAY'S DATE.

5               MR. RUIZ:  ON PAGE 2 WE'VE LISTED ALL OF THOSE

6      RULINGS THAT YOUR HONOR MADE THIS MORNING.  WHERE THERE IS

7      MEDICAL AUTHORIZATIONS, THE UPDATED INTERROGATORIES AND

8      DISCLOSURES AND THE OTHER MATTERS ARE AT THE BOTTOM THERE.  I

9      BELIEVE THOSE ARE THE DATES YOU GAVE US.

10              THE COURT:  GREAT.  THEN I WILL RECEIVE A STIPULATION

11     AND ORDER ON THIS SHORTLY, AND I WILL ASK THAT WHEN YOU -- I

12     BELIEVE JUDGE LARSON IS ON PACER FOR THIS CASE, BUT I WANT YOU

13     TO MAKE SURE THAT HE HAS A COPY OF THIS ORDER BEFORE -- AS HE

14     RETURNS SO THAT HE CAN SEE THIS.  I'M HOPING THIS ASSISTS HIM

15     AND THAT THE REMAINDER OF THE ISSUES BEFORE HIM CAN BE WORKED

16     OUT EASILY AS WELL.

17              SO I WANT TO THANK YOU.  I KNOW THAT THIS ISSUE OF GETTING

18     THESE DEPOSITIONS SCHEDULED HAS CAUSED A LOT OF CONSTERNATION

19     ON BOTH SIDES.

20              AND, COUNSEL, THE CASE ITSELF IS IMPORTANT, BUT THE

21     CIVILITY AMONG THE ATTORNEYS IS OF THE UTMOST IMPORTANCE AND,

22     FRANKLY, THERE IS NO SINGLE CASE THAT ANY OF US HAS IN OUR

23     CAREERS THAT IS WORTH AGING US SO MUCH PERSONALLY.

24              AND SO WHATEVER THE BAD FEELINGS ARE, I CAN SENSE IT, THE

25     CASE MANAGEMENT STATEMENTS JUST SIZZLE WHEN THEY COME IN.  I

1    NEED YOU TO DIAL IT DOWN A LOT BECAUSE, FRANKLY, LIFE IS TOO

2    SHORT FOR THIS KIND OF ANIMOSITY AMONG COUNSEL.  THE ENERGY

3    NEEDS TO BE PUT INTO A FAIR PRESENTATION OF THESE ISSUES TO A

4    JURY.

5         THE PLAINTIFF RAISES -- THE PLAINTIFFS RAISE IMPORTANT

6    ISSUES, THE DEFENDANTS HAVE IMPORTANT DEFENSES THAT A JURY

7    NEEDS TO HEAR, AND A JURY NEEDS TO RESOLVE THESE ISSUES ITSELF.

8         AND SO I'M GLAD YOU'VE MADE THIS STEP FORWARD.  I'M SORRY

9    YOU HAD TO COME TO COURT TO DO IT, BUT ULTIMATELY THIS IS WHAT

10   IT TOOK IT SEEMS.

11        SO THANK YOU ALL.

12        MR. RUIZ:  THANK YOU, YOUR HONOR.

13        MR. CHARLES:  THANK YOU FOR YOUR TIME.

14        THE COURT:  YES, MR. BENJAMIN?

15        MR. BENJAMIN:  I HAVE ONE POTENTIALLY FRIENDLY

16   AMENDMENT THAT WE COULDN'T AGREE ON, BUT I THOUGHT IT WAS WORTH

17   RAISING FOR THE COURT, WHICH IS WHETHER JUDGE LARSON WILL BE

18   ABLE TO MAKE ANY AMENDMENTS TO THE SCHEDULE BASED ON OTHER

19   ISSUES THAT ARE BEFORE HIM IN THE EVENT THAT WE NEED TO MAKE

20   SOME ALTERATIONS, ONE OF THE ISSUES BEING THE RECEIPT OF

21   DOCUMENTS BEFORE SOME OF THESE DEPOSITIONS THAT WE'VE ALREADY

22   SCHEDULED.

23        IF THE COURT IS OKAY WITH JUDGE LARSON --

24        THE COURT:  THESE DATES ARE FIRM.  THESE DATES ARE

25   FIRM, AND SO THE DATES OF DOCUMENT PRODUCTION ARE WHAT ARE

1    GOING TO HAVE TO CHANGE.  THESE DATES ARE FIRM.  I'M NOT

2    CHANGING THESE DATES FOR DOCUMENTS.

3         SO IF DOCUMENTS ARE NOT DUE UNTIL A DATE THAT'S TOO LATE,

4    JUDGE LARSON CAN MOVE UP THE DOCUMENT PRODUCTION DATES.

5         BUT THANK YOU FOR RAISING THAT.  THAT COULD BE A STICKING

6    POINT.

7         ALL RIGHT.

8              MR. BENJAMIN:  THANK YOU.

9              THE COURT:  THANK YOU ALL.

10             MR. CHARLES:  THANK YOU, YOUR HONOR.

11         (THE PROCEEDINGS WERE CONCLUDED AT 12:09 P.M.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3                        CERTIFICATE OF REPORTER

4

5

6

7        I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8   STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9   280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10  CERTIFY:

11       THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12  A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13  ABOVE-ENTITLED MATTER.

14

15

16  _____
    LEE-ANNE SHORTRIDGE, CSR, CRR
17  CERTIFICATE NUMBER 9595

18       DATED:  MAY 27, 2016

19

20

21

22

23

24

25